UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                        Criminal No. 13-cr-31-JL
                                          Opinion No. 2014 DNH 071P
Frederick Drane

**EVIDENTIARY ORDER**

The defendant, Frederick Drane, faces trial on one count of possession of crack cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1), and one count of conspiring to do so with his co-defendant ("HL"), see id. § 846.  HL, who has pleaded guilty to the possession count as part of a plea agreement, is expected to testify at trial on behalf of the prosecution.  Drane has filed a motion in limine, see L.R. Crim. 12.1(c), seeking a ruling that, at trial, he can cross-examine HL about her arrest on a charge of hindering apprehension in Biddeford, Maine, "for purposes of attacking [her] credibility," but that the prosecution cannot ask her about the "extrinsic facts and circumstances surrounding [the] charge."

According to Drane, HL was charged with hindering apprehension because "she lied about [his] whereabouts . . . when the Biddeford Police sought to [execute] an arrest warrant for [] Drane on an unrelated drug possession charge" in July 2012. After the police showed up at the door of her home--where, it appears, Drane was living at the time--HL falsely told them that

Drane was not in, allowing him to try to avoid arrest by jumping out of a window.  HL was subsequently arrested on a charge of hindering apprehension under Maine law.  <u>See</u> Me. Rev. Stat. Ann. tit. 17, § 753, 1-B.  She has yet to be convicted of that charge, which, the prosecution says, Maine authorities have stated they intend to dismiss upon her continued good behavior.

As a result, Drane cannot introduce evidence of the hindering apprehension charge under Rule 609 of the Federal Rules of Evidence, which applies only to criminal convictions.  The only way Drane can make use of the charge in attacking HL's credibility is to ask her himself about the underlying facts, i.e., that HL lied to the police, under Rule 608(b) of the Federal Rules of Evidence.  While that rule bars "extrinsic evidence . . . to prove specific instances of a witness's conduct in order to support or attack the witness's character for truthfulness," the rule also, "on cross-examination, allow[s] them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness."

So Rule 608(b) allows Drane to ask HL, on cross-examination, whether she lied to the Biddeford Police in July 2012.  If Drane elects to do so, however, there is nothing in Rule 608(b) that prevents the prosecution, on redirect examination, from eliciting further facts, including what the lie was, i.e., telling the police officers who had arrived at HL's house to arrest Drane

that he was not at home.  Cf. United States v. Barnhart, 599 F.3d 737, 747 (7th Cir. 2010) (recognizing that Rule 608(b) allows inquiry into the "conduct underlying [a witness's] convictions," even though Rule 609 does not).  Indeed, the nature of the lie that a witness has told is just as probative of his character for truthfulness, if not more so, than the simple fact that he lied-- because some lies reflect more poorly on a witness's character than others.  It is inconceivable, for example, that a witness could be asked on cross-examination whether he had lied to his children during the past December, and, having answered in the affirmative, not be allowed to explain on redirect examination that his lie was about the existence of Santa Claus.

The problem here is that the nature of HL's lie reflects poorly not only on her, but also on Drane, on whom the police were attempting to serve an arrest warrant.  Drane calls this "detail[] much more prejudicial than probative as the warrant was for conduct unrelated to this case," invoking Rule 403 of the Federal Rules of Evidence.  It is true that, even as to testimony admitted under Rule 608(b), "the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice."  Fed. R. Evid. 608 advisory committee's note (1972).  But, as just discussed, the nature of HL's lie is probative of her character for truthfulness and, indeed, her mere testimony that she lied to the police in July 2012, without any

elaboration, paints an incomplete picture of that subject.
Moreover, the court sees little danger of unfair prejudice from
the fact that HL lied in an effort to prevent the police from
arresting Drane--the jury is unlikely to infer, from that fact
alone, that the arrest "was for conduct unrelated to this case,"
particularly since, chronologically, the arrest happened between
the two traffic stops giving rise to the charges here.
Nevertheless, the prosecution shall not elicit the fact that the
arrest was premised on unrelated charges.  The same goes for the
fact that, while HL was waylaying the officers, Drane was jumping
out of the window.[1]

Furthermore, the prosecution argues that, even if it cannot
elicit the nature of HL's lie as a means of rehabilitating her
after Drane uses the lie to attack her character for truthfulness
under Rule 608(b), that testimony would still be admissible as
evidence of the conspiracy charged in the indictment.  On this
theory, HL's lying to prevent Drane's arrest was an effort to
further their conspiracy to possess crack cocaine with the intent
to distribute it in the sense that Drane's detention would have
disrupted their distribution efforts.  In the court's view, this
suffices to show that the nature of the lie has probative value

---

[1]Of course, as is the case with most evidentiary rulings,
unforseen circumstances arising during the trial conceivably
could result in the admissibility of these facts.

aside from what it says about HL's character for truthfulness under Rule 608(b)--a rule which, of course, does not prohibit evidence that is admissible on some other basis. See United States v. Cudlitz, 72 F.3d 992, 996 (1st Cir. 1996). So evidence that HL lied to try to prevent the police from arresting Drane is admissible to show the existence of the charged conspiracy, regardless of whether that evidence can also be properly considered on the issue of HL's character for truthfulness.

Accordingly, Drane's motion in limine (document no. 82) is DENIED. Drane may examine HL about her lie to the Biddeford Police in July 2012, but the prosecution may examine HL about the nature of that lie, including that it was an attempt to prevent the police from arresting Drane (though the prosecution may not elicit the fact that the arrest was premised on unrelated charges or that Drane tried to escape through the window).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: April 14, 2014

cc: Richard F. Monteith, Jr., Esq.
    Seth R. Aframe, AUSA
    Nick Abramson, AUSA